UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SHELDON LAMONT JACKSON,

    Petitioner,

v.                                            Case No.: 3:20-cv-1149-MMH-PDB
                                                    3:15-cr-185-MMH-PDB

UNITED STATES OF AMERICA,

    Respondent.
_____

## ORDER

Petitioner Sheldon Lamont Jackson moves under Federal Rule of Civil Procedure 59(e) ("Rule(s)") to alter or amend the judgment denying his motion to vacate sentence under 28 U.S.C. § 2255. (Doc. 10, "Motion for Reconsideration.") He was convicted of one count of possession of a firearm by a convicted felon under 18 U.S.C. § 922(g)(1) and the Court sentenced him to a term of 180 months in prison under the Armed Career Criminal Act (ACCA), § 924(e). In the § 2255 motion, Jackson alleged that (1) his attorney was ineffective for failing to argue that his 1995 and 1996 Florida convictions for possession with intent to sell cocaine were not "serious drug offenses" under the ACCA because there was no finding that the substance involved in the offenses matched a federally controlled substance, and (2) the Indictment failed to charge an offense because it did not allege that Jackson knew he was a convicted

felon, as required under Rehaif v. United States, 139 S. Ct. 2191 (2019). (See Doc. 1, § 2255 Motion; Doc. 5, Reply.) The Court found that both claims lacked merit, denied the § 2255 Motion, and entered Judgment against Jackson. (Doc. 8, Order Denying § 2255 Motion; Doc. 9, Judgment.) Jackson argues that the Court misunderstood his arguments or overlooked controlling law.

Rule 59(e) affords the Court discretion to reconsider an order which it has entered. See Mincey v. Head, 206 F.3d 1106, 1137 (11th Cir. 2000); O'Neal v. Kennamer, 958 F.2d 1044, 1047 (11th Cir. 1992). "The only grounds for granting a Rule 59 motion are newly[ ] discovered evidence or manifest errors of law or fact." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotations and citations omitted). This Court has interpreted those parameters to include "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." Lamar Advert. of Mobile, Inc. v. City of Lakeland, Fla., 189 F.R.D. 480, 489 (M.D. Fla. 1999). The purpose of Rule 59 is not to ask the Court to reexamine an unfavorable ruling absent a manifest error of law or fact. Jacobs v. Tempur-Pedic Int'l., Inc., 626 F.3d 1327, 1344 (11th Cir. 2010). As a result, Rule 59(e) cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005); see also O'Neal, 958 F.2d at 1047.

As to the denial of relief on Ground One of the § 2255 Motion, Jackson argues that the Court failed to consider that in 1995 and 1996, Florida's Controlled Substances Schedules included stereoisomers and "positional stereoisomers" of cocaine but the federal Controlled Substance Act (CSA) schedules did not.[1] Motion for Reconsideration at 3. He also argues that the Court mistakenly focused on ioflupane as the only discrepancy between the federal CSA schedules and Florida's Controlled Substances Schedules. Id. But as the Court explained in the Order denying § 2255 relief, Jackson failed to identify "any specific discrepancy at all … between the federal CSA Schedules and Florida's Controlled Substances Schedules," which is why the Court focused on ioflupane (considering United States v. Eugene Jackson, 55 F.4th 846 (11th Cir. 2022)). Order Denying § 2255 Motion at 13 n.6 (citing § 2255 Motion at 4; Reply at 1–3). Jackson cannot fault the Court for overlooking a point he failed to raise. See Michael Linet, 408 F.3d at 763 (stating that Rule 59(e) cannot be used to "raise argument or present evidence that could have been raised prior

---

[1] In 1995 and 1996, Florida's Controlled Substances Schedules included all stereoisomers of cocaine. Fla. Stat. § 893.03(2)(a)(4) (1995). The statute does not mention "positional stereoisomers."

"Stereoisomers can be … divided into three categories: optical isomers, geometric isomers, and nongeometric diastereomers." Chamu v. U.S. Att'y Gen., 23 F.4th 1325, 1330 (11th Cir. 2022). In 1995 and 1996, the federal CSA schedules included two of these types of stereoisomers of cocaine—geometric isomers and optical isomers—but not the third type, nongeometric diastereomers. See 21 U.S.C. § 812(c), Schedule II(a)(4) (1995). But this difference matters only if there is evidence that a nongeometric diastereomer of cocaine exists, "let alone that [it] exist[s] in the quantities required for an offender to be prosecuted for possessing [it]." Chamu, 23 F.4th at 1331.

3

to the entry of judgment."). At any rate, his current argument is misguided. Although "[t]he federal statute indeed omits a subcategory of cocaine isomers that the [Florida] statute does not"—nongeometric diastereomers—that discrepancy is immaterial because Jackson points to nothing that "suggests that cocaine has any [nongeometric diastereomers], let alone that they exist in the quantities required for an offender to be prosecuted for possessing them" with intent to distribute. Chamu, 23 F.4th at 1330, 1331. Thus, Jackson still fails to show that his prior Florida convictions for possession of cocaine with intent to distribute did not qualify as ACCA serious drug offenses, such that his attorney was ineffective for failing to challenge them.

Regarding the denial of relief on Ground Two, Jackson's argument merits little discussion. As explained in the Order denying § 2255 relief, the Eleventh Circuit and Supreme Court have held that a Rehaif error in an indictment is a non-structural error subject to harmless error review. Order Denying § 2255 Motion at 21 (citing Greer v. United States, 141 S. Ct. 2090, 2100 (2021); Seabrooks v. United States, 32 F.4th 1375, 1384–85 (11th Cir. 2022); United States v. Leonard, 4 F.4th 1134, 1144 (11th Cir. 2021)). The Court concluded that Jackson failed to show "actual prejudice" based on the Rehaif error in his Indictment because there was ample evidence he knew he was a convicted felon, including his many prior felony convictions, the fact that he spent over a year in prison for one prior conviction, and the fact that he tried to pass the gun off

to a passenger during a traffic stop. Order Denying § 2255 Motion at 22–24. Plus, Jackson did not allege that he would not have pleaded guilty had he known the government had to prove that he knew he was a felon. Id. at 22–23. Thus, Jackson fails to show a manifest error of law or fact as to the denial of relief on this ground.

Having considered each of Jackson's arguments, it is **ORDERED:**

1. Petitioner Sheldon Lamont Jackson's "Motion for Reconsideration" under Rule 59(e) (Doc. 10) is **DENIED**.

2. If Jackson appeals this Order, the Court denies a certificate of appealability (COA) because he has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**DONE AND ORDERED** at Jacksonville, Florida this 31st day of March, 2023.

MARCIA MORALES HOWARD
United States District Judge

lc 19
C:
Counsel of record
Pro se petitioner